**LEPRINO FOODS COMPANY,**
Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

No. CIV. A. 99–B–974.

United States District Court,
D. Colorado.

March 13, 2000.

O. Russel Murray, Garlin, Driscoll & Murray, LLC, Louisville, CO, for Plaintiff.

Mark S. Pestal, U.S. Attorney's Office, Civil Div., Denver, CO, Philip Blondin, Arthur P. Yoon, U.S. Dept. of Justice, Tax Div., Washington, DC, for Defendant.

## ORDER

BABCOCK, District Judge.

Defendant moves pursuant to Rule 12(b)(6) to dismiss plaintiff's complaint. The motion is adequately briefed and oral argument will not materially aid its resolution. For the reasons set forth below, I grant the motion. Jurisdiction exists under 28 U.S.C. § 1331.

### I.

Because the Internal Revenue Service (I.R.S.) treated Plaintiff as an S corporation for the 1993 tax year, and Plaintiff elected to use a November 1 to October 31 fiscal year as its tax year, 26 U.S.C. § 7519 (1993) required Plaintiff to submit a "required payment" of $1,797,004 to the I.R.S. by May 16, 1994. Plaintiff did not make its "required payment" until May 23, 1994. Sometime thereafter, Defendant assessed Plaintiff a late payment penalty of ten percent, or $179,700.40, pursuant to 26 U.S.C. § 7519(f)(4)(A). Plaintiff paid the penalty plus $18,267.54 in interest.

On March 28, 1997, Plaintiff filed an administrative claim for refund with the I.R.S. contending both that the version of 26 U.S.C. § 7519(f)(4)(A) in effect in 1993 contained a "reasonable cause" exception to the penalty, and that its failure to submit its "required payment" was excused by "reasonable cause." On June 5, 1997, Defendant rejected Plaintiff's administrative claim. On May 21, 1999, Plaintiff filed this suit.

### II.

Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."

The complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (footnote omitted); accord *Meade v. Grubbs*, 841 F.2d 1512, 1526 (10th Cir.1988). In reviewing the sufficiency of the complaint, a court must presume that the plaintiff's factual allegations are true and construe them in a light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), overruled on other grounds by *Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984); accord *Meade*, 841 F.2d at 1526.

12(b)(6) must be read in conjunction with Fed.R.Civ.P. 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement need not contain detailed facts, but it "must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47, 78 S.Ct. 99. A plaintiff is not required to state precisely each element of the claim. 5 Charles A. Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1216, at 154–159 (1990). Nonetheless, a plaintiff must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir.1988). A court may not assume that a plaintiff can prove facts that it has not alleged, or that the defendant has violated laws in ways that plaintiff has not alleged. *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983).

### III.

Defendant argues that the version of 26 U.S.C. § 7519(f)(4)(A) in effect in 1993 does not contain a "reasonable cause" ex-

ception to the ten percent penalty for late "required payments." Plaintiff responds that because the 1993 version of 26 U.S.C. § 7519(f)(1) references subtitle C, and because 26 U.S.C. § 6656 is the penalty provision for late payments under subtitle C, and contains a "reasonable cause" exception, Congress must have intended 26 U.S.C. § 7519(f)(4)(A) (1993) to include a "reasonable cause" exception as well. I disagree.

■■■ "The starting point in any case involving statutory construction is the language of the statute itself. When the terms of the statute are clear and unambiguous, that language is controlling absent rare and exceptional circumstances." *True Oil Co. v. C.I.R.*, 170 F.3d 1294, 1299 (10th Cir.1999) (quoting *Ramah Navajo Chapter v. Lujan*, 112 F.3d 1455, 1460 (10th Cir.1997) (citation and quotation omitted)). I must, however, examine the disputed language of a statute in context, not in isolation. Consequently, I "look to the particular statutory language at issue, as well as the language and design of the statute as a whole." *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291, 108 S.Ct. 1811, 100 L.Ed.2d 313 (1988).

■■■ The 1993 version of 26 U.S.C. § 7519(f)(4)(A) states:

In the case of any failure by any person to pay on the date prescribed therefor any amount required by this section, there shall be imposed on such person a penalty of 10 percent of the underpayment. For purposes of the preceding sentence, the term "underpayment" means the excess of the amount of the payment required under this section over the amount (if any) of such payment paid on or before the date prescribed therefor.

26 U.S.C. § 7519(f)(4)(A) (1993). As is clear from the text, the penalty provision of the 1993 version of Section 7519 does not contain a "reasonable cause" exception. Although Section 7519(f)(1) states that "any payment required by this section shall be assessed and collected in the same manner as if it were a tax imposed by subtitle C," and Section 6656 is the penalty provision for subtitle C, Section 7519 does not incorporate any provision from, or otherwise reference, Section 6656. *See* 26 U.S.C. § 7519 (1993).

In addition, Section 7519 distinguishes between "payments" and "penalties." *Compare* 26 U.S.C. § 7519(f)(1) ("any *payment* required by this section shall be assessed and collected in the same manner as if it were a tax imposed by subtitle C") (emphasis added) *with* 26 U.S.C. § 7519(f)(4)(A) ("In the case of any failure by any person to pay on the date prescribed therefor any amount required by this section, there shall be imposed on such person a *penalty* of 10 percent of the underpayment") (emphasis added). The part of Section 7519(f)(1) relied upon by Plaintiff applies solely to "payment[s]." 26 U.S.C. § 7519(f)(1) (1993). Contrary to Plaintiff's assertion, therefore, Section 7519(f)(1) does not require Defendant to "determine the Section 7519(f)(4) *penalty* in the same manner as a penalty under Subtitle C." *Plaintiff's Response* at 7 (emphasis added).

Even if Congress intended "payment" in Section 7519(f)(1) to include penalties, thereby suggesting that Section 6656 governs penalties imposed under Section 7519, Section 7519(f)(1) applies "[e]xcept as otherwise provided in this subsection." The 1993 version of Section 7519(f)(4)(A) specifically and unambiguously applies to penalties imposed under Section 7519. *See* 26 U.S.C. § 7519(f)(4)(A) (1993) ("In the case of any failure by any person to pay on the date prescribed therefor any amount required *by this section* ") (emphasis added). Because Plaintiff's 1993 tax liability arose under Section 7519, Section 6656 does not apply.

Finally, Sections 6656 and 7519 are part of separate statutory chapters and concern different matters. While Section 6656 is a general provision that applies to "deposit[s] ... in such government depositor[ies] as [are] authorized under section 6302(c) to receive such deposit[s]," 26 U.S.C.

§ 6656(a) (listed under "General Provisions" of Subchapter A of Chapter 68), Section 7519 specifically concerns "required payments" that must be sent to "Service Center[s]" by S corporations electing to use a taxable year other than the required taxable year. 3 FR 19688, 19691–92 (1988). *See Defendant's Reply* at Ex. A (copy of Plaintiff's form sent with its "required payment" indicating that such payments must be mailed to an "Internal Revenue Service Center"). *See also* 26 U.S.C. § 7519 (1983) (listed under Chapter 77). Consequently, even when I consider "the language and design of the [Internal Revenue Code] as a whole," *K Mart Corp. v. Cartier, Inc.,* 486 U.S. 281, 291, 108 S.Ct. 1811, 100 L.Ed.2d 313 (1988), I cannot conclude that the 1993 version of Section 7519 somehow incorporates Section 6656's "reasonable cause" exception. Because Plaintiff has not cited any legal authority indicating otherwise, I am constrained by Section 7519's "clear and unambiguous" terms. *True Oil Co.,* 170 F.3d at 1299. For the foregoing reasons, and viewing the facts in the light most favorable to Plaintiff, I conclude that "[P]laintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. at 45–46, 78 S.Ct. 99.

Accordingly, I ORDER that:

(1) Defendant's motion to dismiss is GRANTED; and

(2) Plaintiff's Complaint is DISMISSED WITH PREJUDICE.